PEOPLE v PATTON

Docket No. 64439. Decided July 13, 1981. On application by the
defendant for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the defendant's conviction
and remanded the case for entry of a conviction of manslaugh-
ter and resentencing, or for further proceedings. Rehearing denied
*post,* 1158.

Ira R. Patton was convicted by a jury in Ionia Circuit Court,
Charles W. Simon, Jr., J., of first-degree murder. It was undis-
puted that the defendant had stabbed and killed his wife, Beverly
Patton. The principal issue of fact was whether this was a
crime of passion, as the defendant claimed, or one of delibera-
tion. The defense offered in evidence the summons which was
served in the divorce proceedings between the defendant and
his wife to establish the date of the proceedings. In rebuttal,
the prosecution offered an affidavit by Beverly Patton, which
she had given in the divorce proceedings to obtain a prelimi-
nary injunction against the defendant, in which she stated that
the defendant had been abusive and violent against her and
that she feared for her safety. The trial court admitted the
affidavit on the theory that because the defendant had pre-
sented the summons he had opened the door to reception of
whatever else was in the court's file in the divorce. In his
argument to the jury, the prosecutor alluded to the affidavit as
supporting his theory that Beverly Patton was in fear for her
life. The Court of Appeals, Cynar, P.J., and D. F. Walsh and
R. B. Burns, JJ., affirmed in an unpublished per curiam opinion
(Docket No. 78-1984). Defendant applies for leave to appeal.

· In a unanimous opinion, the Supreme Court *held:*

The affidavit of the defendant's wife was clearly hearsay
because it was offered to prove the truth of the matters as-
serted and did not fall within any of the exceptions to the
hearsay rule. It should not have been received in evidence. The
use by the defense of the divorce file to establish the date of the
proceedings does not justify a conclusion that whatever else
was in the file could also be used. The reception in evidence of
the affidavit of the defendant's wife in divorce proceedings
denied the defendant his constitutional right of confrontation.
Accordingly, the trial court abused its discretion in overruling

the defendant's objection to the admission of the affidavit. The affidavit was introduced in order to demonstrate prior assaultive behavior by the defendant against the victim for the purpose of showing premeditation. It is clear that the prosecution emphasized to the jury the importance of the statements in the affidavit in attempting to establish that the defendant was guilty of first-degree murder. The evidence could have supported a verdict of either second-degree murder or manslaughter; the jury might have so found had the affidavit not been admitted in evidence. Therefore, it was erroneous to admit the affidavit in evidence, and the error was not harmless. The disposition of this issue makes it unnecessary to address the other issue raised on appeal by the defendant.

The defendant's conviction is reversed and the case is remanded for entry of a conviction of manslaughter and resentencing, unless the prosecutor is persuaded that the ends of justice would be better served by a new trial on a charge of first-degree murder.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Randy H. Smith,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*O'Connor, McNamara & O'Keefe* for defendant.

PER CURIAM. At the defendant's trial on a charge of murder in the first degree, the prosecutor was permitted, over defense objection, to place into evidence an affidavit which the victim (defendant's wife) had supplied in connection with a petition for a preliminary injunction in a divorce proceeding. Because we conclude that the affidavit was inadmissible as hearsay and that the admission of this evidence was not harmless error, we reverse and remand for a new trial.

I

The fact that the defendant stabbed and killed his

wife was undisputed.[1] The defense at trial essentially was that this was a crime of passion and not of "cold-blooded deliberation". In fact, defense counsel informed the jury that he was not asking for an acquittal but rather for a verdict of manslaughter.

At one point in the trial, defense counsel offered in evidence the summons which was served in a divorce proceeding involving the defendant and his wife. The purpose of the offer was to establish the date of that proceeding. The evidence was received. However, in rebuttal, the prosecutor offered in evidence an affidavit which the defendant's wife had given in connection with a petition for a preliminary injunction in the divorce proceeding. In the affidavit, the defendant's wife had stated: "[T]he defendant drinks to excess and when intoxicated is abusive and has struck and beat her on several occasions; defendant has a violent temper and plaintiff fears for the safety of herself and the minor children of the parties hereto". In ruling that the affidavit would be received in evidence, the trial judge concluded that since defense counsel had made reference to the divorce trial in order to establish the date when divorce proceed-

---

[1] Evidence adduced at the trial revealed that the defendant's wife, Beverly Patton, was having an affair with Harrison Wilburn. There was evidence that on the evening of the homicide, the defendant had seen the two of them in an act of sexual intercourse in Wilburn's hotel room. On the day of the homicide, the defendant had informed his probation officer that he wanted to seek custody of his two children because of the affair and he alleged that his wife and Wilburn were having sexual intercourse in front of the children.

Around 11:30 p.m. the defendant went to his wife's residence. There he found his wife's brother and his own children. The brother went to look for the defendant's wife. Shortly, thereafter the defendant's wife and Wilburn arrived. Wilburn and one of the defendant's children left to go to a bar to purchase some beer. The defendant went into the house for the purpose of obtaining a gun to shoot Wilburn. His wife and he argued and he stabbed and killed her.

ings commenced, he had opened the door to reception of whatever else was in the file.

The jury was instructed that they could convict the defendant of first-degree murder, second-degree murder, or voluntary manslaughter, or that they could acquit. The jury returned a verdict of murder in the first degree.

The defendant appealed his conviction to the Court of Appeals. That Court, in an unpublished per curiam opinion, affirmed. The defendant has applied for leave to appeal to this Court.

## II

The defendant argues that the admission of the affidavit which had been filed by his wife in conjunction with divorce proceedings was reversible error. Defendant claims that the introduction of the affidavit deprived him of the basic right of confrontation of the witnesses against him. He contends that he was greatly prejudiced by the introduction of this evidence and points to the prosecutor's final argument in which the prosecutor alluded to the affidavit as supporting his theory that the defendant's wife was in fear for her life.

The prosecution's response is that admission of the affidavit was within the trial court's discretion and that the defendant has failed to establish an abuse of discretion. The prosecution also contends that even if there was an abuse of discretion, the error was harmless.

The Court of Appeals refused to reverse on this ground, holding:

"As defendant has failed to establish any prejudice resulting from the admission into evidence of certain documents from the court file in the divorce proceeding

between defendant and decedent, we decline to reverse on this ground."

The affidavit of the defendant's wife was clearly hearsay because it was offered to prove the truth of the matters asserted therein and did not fall within any of the exceptions to the hearsay rule. It should not have been received in evidence. See MRE 801 and 804. We disagree with the trial court's conclusion that defense counsel's use of the divorce file to establish the dates of the proceedings justified a ruling that whatever else was in the file could also be utilized. Obviously, the reception in evidence of the affidavit supplied by the defendant's wife in conjunction with divorce proceedings denied the defendant his constitutional right of confrontation. Accordingly, we conclude that the trial court abused its discretion in overruling the defendant's objection to the admission of this affidavit.

The next question which must be addressed, however, is whether the reception of this evidence was harmless error. The affidavit was introduced in order to demonstrate prior assaultive behavior for the purpose of showing premeditation so as to convict the defendant of murder in the first degree. In his closing argument, the prosecutor stated:

"I would submit to you, ladies and gentlemen, that there was good reason for him having trouble visiting his kids, in light of a petition that is also part of the divorce pleadings, this particular divorce, along with a supporting affidavit indicating that she had reason to fear him. Reason of sufficient force and effect based on this affidavit of the victim, Beverly Patton, in this matter for the court to issue a restraining order restraining him or enjoining him from being in her

presence or in the kids' presence. Now, this is probably one of the most unique particular facts about this case, because in a murder case you obviously don't have testimony of the victim. In this case, you have a sworn affidavit indicating prior physical confrontations and her fear of him, both for herself and for the children."

Thus it is clear that the prosecution emphasized the importance of the statements contained in the affidavit in attempting to establish that the defendant was indeed guilty of murder in the first degree.

The evidence at trial in this matter could have supported a verdict of either murder in the second degree or manslaughter. Indeed, the jury might have so found had the affidavit not been admitted in evidence. We find therefore that it was error to admit the affidavit in evidence and that the error was not harmless.

Our disposition of this issue makes it unnecessary to address the other issue raised on appeal by the defendant.

Therefore, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the defendant's conviction and remand the matter to the circuit court for entry of a judgment of conviction of the lesser included offense of manslaughter and for resentencing. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the charge that the defendant committed the crime of first-degree murder.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.