PEOPLE v GREEN

Docket No. 55185. Submitted October 13, 1981, at Detroit.—Decided December 9, 1981.

Eric Green was convicted, on his plea of guilty, of attempted breaking and entering in Detroit Recorder's Court, Donald L. Hobson, J. He was sentenced to two years probation. While on probation, Green was convicted of armed robbery and felonious assault. Subsequently, a hearing was held and Green was found guilty of violation of probation and was sentenced to prison on the attempted breaking and entering conviction. The defendant appeals, alleging that the use of certified court records to establish the felony convictions at the hearing on the probation violation denied him the right to confront and cross-examine adverse witnesses. *Held:*

The use of certified court records to establish facts recited therein is proper and does not deny the defendant the right of confrontation.

Affirmed.

CRIMINAL LAW — CERTIFIED COURT RECORDS — STATUTES.

The use of certified court records to establish prior felony convictions of a defendant does not deny the defendant the right to confront and cross-examine adverse witnesses; use of certified court records to establish facts recited therein is proper (MCL 600.2106; MSA 27A.2106).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
30 Am Jur 2d, Evidence § 984.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS and CYNAR, JJ.

PER CURIAM. Defendant was convicted by plea of attempted breaking and entering, MCL 750.92, 750.110; MSA 28.287, 28.305, and was sentenced to two years probation. During the term of probation, he was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and felonious assault, MCL 750.82; MSA 28.277. Based on the felony convictions, defendant was charged with violation of probation. He pled not guilty, and a hearing was held at which the judgments of conviction were established by certified court record. Defendant was found guilty of violation of probation and was sentenced to two to five years in prison. He appeals as of right.

Defendant contends that use of certified court records to establish the felony convictions denied him the right to confront and cross-examine adverse witnesses. The argument is without merit. Use of certified court records to establish facts recited therein is proper under MCL 600.2106; MSA 27A.2106, and does not deny defendant the right of confrontation. *People v Hurst,* 59 Mich App 441; 229 NW2d 492 (1975), *People v Kirtdoll,* 391 Mich 370; 217 NW2d 37 (1974).

Affirmed.