PEOPLE v WILLIAMS

Docket No. 66518. Submitted February 16, 1984, at Lansing.—Decided May 15, 1984. Leave to appeal applied for.

Terry L. Williams was convicted of two counts of first-degree murder, Tuscola Circuit Court, Patrick R. Joslyn, J. The victims were the parents of defendant's deceased wife, and they had won a custody dispute with defendant and were the guardians of defendant's two children. Defendant appealed. *Held:*

1. The trial court did not err in admitting evidence of a circuit court order terminating defendant's right of visitation with the children. The evidence was relevant on the issue of defendant's motive for the killing and was admissible under the Rules of Evidence. Admission of that evidence did not deny defendant his right to confrontation or constitute impermissible hearsay.

2. The trial court did not err in refusing to allow evidence of specific instances of defendant's good conduct. The Rules of Evidence allow proof of specific instances of good conduct only where character is an essential element of the charge, claim, or defense. Defendant claimed he was not present and had not committed the crime.

3. The trial court did not abuse its discretion in asking the jury to reconsider its request to rehear testimony. A trial court may properly ask a jury which has requested that testimony be read to it to resume deliberations with the knowledge that the request would be reviewed again if needed and may properly ask the jury to narrow down its request.

4. The trial court did not err in ruling that, while the two identical affidavits supporting the issuance of search warrants contained a false representation, the error was negligent, not

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 280.

[2] 29 Am Jur 2d, Evidence § 339.

[3] 76 Am Jur 2d, Trial §§ 1041, 1042.
 Right to have reporter's notes read to jury. 50 ALR2d 176.

[4] 68 Am Jur 2d, Searches and Seizures § 66.
 Disputation of truth of matters stated in affidavit in support of search warrant—Modern cases. 24 ALR4th 1266.

deliberate, and that there was sufficient probable cause indicated in the affidavits to support the issuance of the search warrants even excluding the misrepresentation.

Affirmed.

1. HOMICIDE — EVIDENCE — COURT ORDERS — RULES OF EVIDENCE.

Evidence of a court order terminating a defendant's rights of visitation with his children is admissible in a homicide trial where it is relevant on the issue of motive (MCL 600.2106; MSA 27A.2106; MRE 404[b]).

2. EVIDENCE — CHARACTER — SPECIFIC INSTANCES OF CONDUCT — RULES OF EVIDENCE.

The Rules of Evidence allow the admission of specific instances of conduct to show character of a person only where character is an essential element of a charge, claim, or defense (MRE 405[b]).

3. TRIAL — READING TESTIMONY TO JURY.

A trial court may properly ask a jury which has requested that testimony be read to it to resume deliberations with the knowledge that the request would be reviewed again if needed and may properly ask the jury to narrow down its request.

4. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — PROBABLE CAUSE.

A showing by a preponderance of the evidence that an affiant in seeking a search warrant knowingly and intentionally or with reckless disregard for the truth inserted false material into the affidavit in support of the application for the search warrant and that the information was necessary to a finding of probable cause mandates that the search warrant be quashed and the fruits of the search be excluded at trial.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *G. Scott Stermer*, Prosecuting Attorney, and *Leonard J. Malinowski*, Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett*), for defendant on appeal.

Before: DANHOF, C.J., and HOOD and SHEPHERD, JJ.

Per Curiam. Defendant was convicted after a jury trial of two counts of first-degree murder, MCL 750.316; MSA 28.548. The victims, Leon and Betty Coward, were the parents of defendant's deceased wife. The Cowards had won a custody dispute with defendant and were the guardians of defendant's two small children. Defendant was sentenced to life imprisonment on each count and presently appeals as of right.

Defendant argues on appeal that the trial court erred in admitting a copy of a circuit court order terminating defendant's rights of visitation with his children. We find no error. The evidence was relevant on the issue of defendant's motive for the killings and was admissible under MRE 404(b). Defendant also argues that the order violates his right to confrontation and constitutes impermissible hearsay. We find *People v Patton,* 411 Mich 490; 308 NW2d 163 (1981), *reh den* 411 Mich 1158 (1981), relied upon by defendant, to be distinguishable. In *Patton,* the Supreme Court found an affidavit prepared by defendant's murdered wife preparatory to issuance of a preliminary injunction in their divorce proceeding to be hearsay and erroneously admitted at defendant's trial. The affidavit alleged that defendant drank to excess, beat the affiant, and had a violent temper. The Supreme Court also found defendant's right to confrontation had been violated. Here, unlike the affidavit in *Patton,* the evidence offered was a circuit court order. MCL 600.2106; MSA 27A.2106 expressly allows the introduction of a copy of an order of any court of record in this state as prima facie evidence of all facts recited therein. The order contains no impermissible hearsay statements. This Court has held that the use of certified court records in accordance with MCL 600.2106; MSA 27A.2106 does not violate a defendant's right

of confrontation. *People v Green,* 112 Mich App 655; 317 NW2d 212 (1981).

Defendant next argues that the trial court erred by disallowing testimony as to specific instances of defendant's good conduct pursuant to MRE 405(b). Although defendant's former brother-in-law testified generally as to defendant's good character, the prosecutor's objection to specific examples of good conduct was sustained.

The trial judge did not err in excluding the proffered testimony. MRE 405(b) allows proof of specific instances of conduct to show character only where character "is an essential element of a charge, claim, or defense". Defendant here was charged with two counts of first-degree murder. His defense was that he was not present and had not committed the crimes. Neither the charge nor the defense employed make character an essential element. It is only in the narrow situation where character is an element of the offense that specific acts of conduct are admissible to show character under MRE 405(b). The present case is not within that narrow class.

Defendant also contends that the trial judge abused his discretion by asking the jury to reconsider its request to rehear testimony. During deliberations, the jury requested that the testimony of defendant be read back to them. The trial judge pointed out that defendant's testimony had consumed in excess of five hours and asked the jury to consider whether there was a particular portion of the testimony that it wished to rehear and if it could recall, "you might specify the topic, the area, the type of questioning that was involved, was it on direct, recross, redirect, or whatever, if you can recall". The judge concluded:

"You're in charge. And we are at your mercy, and

we're here to serve you. So if there's something we can do to assist you, we're certainly ready, willing, and able to do that. But you have to understand the difficulties that are involved."

The reading and extent of the reading of trial testimony after a jury request is within the discretion of the trial judge. Although a trial judge may not simply refuse such a request, he "may ask the jury to resume deliberations with the knowledge that the request would be reviewed again if needed". *People v Harvey,* 121 Mich App 681, 684; 329 NW2d 456 (1982). In the instant case, the trial judge properly exercised his discretion by asking the jury to try to narrow down its request. Because the trial court did not foreclose rereading, no abuse of discretion occurred.

We also reject defendant's final argument that the statements in the affidavit for the search warrants were intentionally false or given with reckless disregard for the truth so as to require suppression of the recovered evidence. The standard for determining whether erroneous information in an affidavit for a search warrant should be excluded from a determination of whether probable cause existed to issue the warrant was set forth in *Franks v Delaware,* 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978). The test looks to whether "defendant can show by a preponderance of the evidence that the affiant has knowingly and intentionally or with reckless disregard for the truth inserted false material into the affidavit and that the false material is necessary to a finding of probable cause". *People v Mackey,* 121 Mich App 748, 754-755; 329 NW2d 476 (1982). Here the trial judge applied the *Franks* test and determined that, while a false representation was made in the affidavit for the search warrant, such error was

negligent and there was no wilful or reckless misrepresentation of the material facts. The trial judge also found that even excluding the erroneous information there was still sufficient probable cause indicated in the affidavit to justify the issuance of the search warrants. Our review of the record reveals no error in the trial court's ruling. The erroneous statements do not appear to have been wilfully or intentionally made and, even if they are excluded from the affidavit, sufficient probable cause existed for issuance of the search warrants.

Affirmed.