PEOPLE v KORT

Docket No. 93442. Submitted December 17, 1986, at Lansing. Decided
September 8, 1987. Leave to appeal applied for.

David F. Kort was arrested and charged with three counts of
delivery of controlled substances, namely phencyclidine, co-
caine and phenobarbital, following a search of his home. The
warrant under which the search was conducted was supported
by an affidavit given by a police officer which contained infor-
mation supplied by a confidential informant and statements by
two other individuals, "Jake" and "Bobby," made to the infor-
mant and related to the affiant by the informant indicating
that PCP could be bought from defendant and Jake and Bobby.
The affidavit also contained statements by the affiant of his
personal observations during a surveillance of Jake and Bobby
and defendant's residence. Defendant moved to quash the
search warrant prior to a preliminary examination in district
court on the ground that the reliability of Jake and Bobby had
not been established in the affidavit. The district court granted
the motion, but the Oakland Circuit Court, Richard D. Kuhn,
J., reversed on appeal. The Court of Appeals and the Supreme
Court denied defendant's applications for leave to appeal. De-
fendant brought another motion in the district court to quash
the search warrant, this time on the ground that the affidavit
contained intentional omissions of material facts. The district
court granted this motion, but the circuit court reversed on
appeal. The Court of Appeals denied defendant's application for
leave to appeal, but the Supreme Court remanded the case to
the Court of Appeals for consideration as on leave granted. 425
Mich 872 (1986). While this appeal was pending before the
Court of Appeals and the Supreme Court, defendant brought a
third motion to quash the search warrant in the district court,
arguing finally that the affidavit contained material and inten-
tional or reckless misstatements of fact. The district court

REFERENCES

Am Jur 2d; Searches and Seizures §§ 35 et seq.; 63 et seq.; 107 et
seq.

Federal court determination of probable cause for search warrant:
consideration of oral testimony which was, in addition to affida-
vit, before officer who issued warrant. 24 ALR Fed 107.

granted this motion, and while an appeal by the people remains pending in circuit court, the Court of Appeals chose to consider defendant's third motion to expedite this case.

The Court of Appeals *held:*

1. The district court erred in quashing the search warrant without having first conducted a hearing to decide whether the affiant's alleged omissions were intentional and whether the omissions were necessary to a finding of probable cause by the issuing magistrate. Despite the error, a remand is unnecessary because the issuing magistrate would still have found probable cause had the alleged omissions not been made. However, with regard to one alleged omission, defendant may request an evidentiary hearing in circuit court to further develop an argument that Jake may have obtained PCP from a source other than defendant.

2. The district court erred in quashing the search warrant without having first conducted a hearing to decide whether the affidavit contained misstatements, whether the misstatements were knowingly and intentionally made with reckless disregard for the truth, and whether the misstatements were necessary to a finding of probable cause by the issuing magistrate. Despite the error, a remand is unnecessary because the alleged misstatements were not necessary to establish probable cause.

3. The information supplied by Jake and Bobby to the confidential informant was shown to be reliable and Jake and Bobby were shown to be credible and to have spoken with personal knowledge by the circumstances surrounding Jake and Bobby's delivery of PCP to the confidential informant and by the observations of police during their surveillance. The issuing magistrate properly relied on Jake and Bobby's statements when reviewing the affidavit for a probable-cause determination.

The district court orders quashing the search warrant were reversed, the circuit court orders reversing those of the district court and reinstating the charges against defendant were affirmed, and the case remanded.

M. J. KELLY, P.J., dissented. He would hold that the nine-year delay in bringing defendant to trial, due in large part to the protracted interlocutory appeals brought by the prosecution, has resulted in a violation of defendant's constitutional right to a speedy trial. Judge KELLY would order the charges dismissed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — PROBABLE CAUSE.

A showing by a preponderance of the evidence that an affiant, in seeking a search warrant, knowingly and intentionally or with

reckless disregard for the truth omitted material information
from or inserted false material into the affidavit in support of
the application for the search warrant and that the absence of
the omitted information or the insertion of false information
was necessary to a finding of probable cause mandates that the
search warrant be quashed and the fruits of the search be
excluded at trial.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS —
   PROBABLE CAUSE.

An affidavit offered to show cause why a search warrant should
issue, when based on information supplied by an informant,
must (1) contain affirmative allegations that the informant
spoke with personal knowledge, (2) set forth facts from which
one may conclude that the informant is credible, and (3) show
that the information is reliable (MCL 780.653; MSA 28.1259[3]).

3. SEARCHES AND SEIZURES — MULTIPLE HEARSAY — EVIDENCE.

Each level of multiple hearsay evidence should be subjected to a
test of its credibility and reliability where it is offered to
establish probable cause to justify the issuance of a search
warrant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Talpos, Arnold & Rooyakker, P.C.* (by *John C. Talpos*), for defendant on appeal.

Before: M. J. KELLEY, P.J., and SULLIVAN and D. R. CARNOVALE,* JJ.

D. R. CARNOVALE, J. Defendant sought leave to appeal from an order in which the circuit judge reversed the district judge's ruling quashing a search warrant and dismissing the charges against defendant. The circuit judge had reinstated the charges and remanded the case to the district

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

court for defendant's preliminary examination. This Court denied defendant's interlocutory appeal. However, the Supreme Court ordered this Court to consider the case as on leave granted. 425 Mich 872 (1986). On appeal, we consider the validity of the search warrant.

In August, 1978, police received a search warrant to search defendant's home at 3097 Massena, Commerce Township, Oakland County, for drugs. After finding drugs, police arrested defendant. He was charged with three counts of delivery of a controlled substance, MCL 335.341; MSA 18.1070(41), to wit, phencyclidine, cocaine, and phenobarbital.

Defendant has been challenging the validity of his arrest since 1978. His case has been up and down from the district court to the circuit court on three different occasions. It is necessary to briefly set forth this procedural history in order to frame the issues on appeal.

After his arrest, defendant brought a motion in the district court to quash the search warrant on the ground that the reliability of two persons referred to in the affidavit in support of the warrant, Jake and Bobby, was not established. The district court judge agreed and entered an order dated December 27, 1982, quashing the search warrant and dismissing the charges. On appeal, the circuit judge reversed. This Court and the Supreme Court denied defendant's applications for leave to appeal.

Next, defendant brought a motion in the district court to quash the search warrant on the ground that the affidavit contained six omissions of material facts. The district court agreed and granted the motion on December 17, 1984. The circuit judge reversed. Although this Court denied defendant's application for leave to appeal, the Supreme

Court remanded the case to this Court for consideration as on leave granted. It is this order that brings the case before us.

Finally, while defendant's appeal to this Court and to the Supreme Court were pending, defendant brought a motion in the district court to quash the search warrant on the ground that the affidavit contained material and intentional or reckless misstatements of fact. The district court agreed and on October 22, 1985, entered an order granting defendant's motion. That issue is now on appeal to the circuit court. In order to expedite this case, we will consider all issues considered by the lower courts regarding the validity of the search warrant.

The affidavit consisted of five paragraphs, which are paraphrased as follows:

On August 2, 1978, SOI 926 [an informant who it was later learned was an undercover police officer] who has supplied the affiant with information in the past on at least ten occasions, all of which have proved reliable and have resulted in successful prosecutions, informed the affiant that he was in a position to purchase phencyclidine (PCP) from subjects known to him as Jake and Bobby.

He stated that he had previously purchased PCP from Jake and Bobby and that he had arranged another purchase. He informed the affiant that he was to meet Jake and Bobby at 14832 Dolphin in the City of Detroit.

He met Jake and Bobby and later informed the affiant that Jake and Bobby stated that the price of PCP would be $800 and that they would have to go to Oakland County to obtain PCP from their source, who they referred to as Dave. They instructed SOI 926 to return to 14832 Dolphin Street

later in the day. SOI 926 agreed. He was asked for and gave Bobby $800 for the purchase of the PCP.

After Jake and Bobby departed, SOI 926 immediately met with the affiant. The affiant and other members of the Metropolitan Narcotic Squad then followed the subjects directly to 3097 Massena, Commerce Township, Oakland County, Michigan. Jake was observed by the affiant to enter and later leave the location. Upon leaving, the subjects were observed to drive directly to 15121 Graydale, Detroit, Michigan, where they entered the premises and stayed for approximately five minutes. They then drove directly to 14832 Dolphin Street and met with SOI 926.

SOI 926 later informed the affiant that Bobby had given him approximately one ounce of PCP and had informed him that he and Jake had purchased the PCP from Dave in Oakland County and that Dave had just purchased ten pounds of PCP. He said that Dave had approximately seven pounds left at his house. Bobby further stated that he, Jake, and Dave could supply SOI 926 with all the PCP he needed.

SOI 926 then left 14832 Dolphin, immediately met with the affiant, informed him of the above facts, and turned over the purchased PCP. The substance tested positive for PCP.

First, we address the issue that brought the case before us: whether the affidavit contained material omissions such that the search warrant should be quashed and the evidence seized suppressed. The district court ruled that the affidavit contained a number of material omissions. The circuit court reversed, finding that defendant's allegations were not accompanied by sufficient proof that the affiant's omissions were intentionally made with reckless disregard for the truth.

The test for determining whether false state-

ments made in an affidavit in support of an application for a search warrant require suppression of the evidence obtained was stated in *Franks v Delaware,* 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978). In *Franks,* the Supreme Court remanded with directions for the trial court to hear and decide the defendant's challenge to the veracity of the information in the search warrant in accordance with the following test: Where a defendant can show by a preponderance of the evidence that the affiant had knowingly and intentionally or with reckless disregard for the truth inserted false material into the affidavit and that the false material is necessary to a finding of probable cause, the search warrant must be quashed and the fruits of the search excluded at trial. 438 US. 170-171. See *People v Mackey,* 121 Mich App 748; 329 NW2d 476 (1982); *People v Williams,* 134 Mich App 639; 351 NW2d 878 (1984).

In the instant case, we find that the district court erred in quashing the search warrant without having first conducted a hearing to decide whether the affiant's omissions were intentional and whether the omissions were necessary to a finding of probable cause. Despite the error, we decline to remand because we believe that probable cause existed even considering the affiant's omissions.

The primary fact relied on by the district court in quashing the search warrant was the affiant's omission that Jake dropped Bobby off at a restaurant before proceeding alone to defendant's home and that Jake then returned to the restaurant and picked up Bobby before stopping briefly at a home on Graydale Street and returning to Dolphin Street to meet SOI 926. The district court felt that it was just as likely that Bobby purchased the PCP

at the restaurant or at Graydale Street as it was that Jake purchased the PCP from defendant.

We disagree. According to the affidavit, when Jake and Bobby returned to Dolphin Street and met with SOI 926, Bobby informed SOI 926 that he and Jake had purchased the PCP from Dave *in Oakland County.* Our review of the lower court record suggests that the restaurant where Bobby was dropped off was in Wayne County, not Oakland County. Similarly, the home on Graydale Street in Detroit was also in Wayne County, not Oakland County. Because Jake and Bobby's only stop in Oakland County was at defendant's home, the affiant's omissions regarding Jake and Bobby's stops in Wayne County were not necessary to the magistrate's finding of probable cause to issue the search warrant.

Our finding that the affiant's omission that Bobby was dropped off at the restaurant did not affect the magistrate's finding of probable cause is based on the suggestion in the record that the restaurant was in Wayne County, not Oakland County. If defendant now wishes to contest this point, he should file a motion for an evidentiary hearing with the circuit court. If it is established that the restaurant was in Oakland County, the circuit court should conduct a hearing to decide whether the affiant's omissions were intentional and whether the omitted fact was necessary to a finding of probable cause. *Franks v Delaware, supra.* The testimony of the officers who observed Bobby at the restaurant should be considered if an evidentiary hearing is necessary.

The district court also found that two other material omissions had occurred. It found that the affiant had omitted whether Jake and Bobby had PCP on them when they initially left SOI 926 and drove to defendant's home. While it is possible

that Jake and Bobby had the PCP with them all the time and that the drive to defendant's home was an elaborate ruse to frame defendant, the facts suggest otherwise. There is no evidence that Jake and Bobby knew SOI 926 was a police informant. Further, if they were intent on framing defendant, they would have informed SOI 926 that defendant was their source of supply and they would have driven directly to defendant's home rather than stopping at the restaurant in Wayne County on the way there and at the Graydale address on the way back to Dolphin Street. Finally, it bears noting that the police were not required to eliminate all sources of the PCP. They were only required to establish probable cause to believe that there was PCP at defendant's home.

Next, the district court found that the affiant omitted facts establishing the prior truthfulness of Jake and Bobby. The affiant was not required to set forth facts establishing the prior truthfulness or reliability of Jake and Bobby. Reliability can be established by means other than past instances of truthfulness. *People v Wares,* 129 Mich App 136; 341 NW2d 256 (1983).

We agree with the circuit judge's conclusion that the facts surrounding SOI 926's drug purchase from Jake and Bobby established that Jake and Bobby's statements were reliable. Jake and Bobby stated that they were going to Oakland County to purchase PCP from Dave and stated that they would return to Dolphin Street later in the day with the PCP. Police surveillance established that Jake and Bobby did just that. SOI 926 stated that he gave $800 to Bobby before Jake and Bobby left for Oakland County and that when they returned, he received PCP from Bobby. We note that the affiant's credibility and reliability is uncontested.

We affirm the order of the circuit judge revers-

ing the district judge's ruling quashing the search warrant on the basis of the affiant's omissions.

Next we consider two other rulings of the district court judge. First, we consider the district court judge's most recent order quashing the search warrant on the ground that the affidavit contained material misstatements.

The same rule applies with respect to material misstatements as to omissions. The question is whether the affiant's statements were knowingly and intentionally made with a reckless disregard for the truth and whether the misstatements were necessary to the magistrate's finding of probable cause. *Mackey, supra,* and *Williams, supra.* We conclude that the district court erred in ruling that the affiant's alleged misstatements invalidated the search warrant.

All but one of the alleged misstatements merely involve Jake's claim in his affidavit that he did not make certain statements that were attributed to him by the affiant in the affidavit. However, since the affiant was a police officer and since it is uncontested that SOI 926 was both credible and reliable, the search warrant affidavit was entitled to the same consideration as Jake's affidavit. Consequently, the district court erred in quashing the search warrant without first holding a hearing to determine whether the affidavit contained misstatements, whether the misstatements were knowingly and intentionally made with reckless disregard for the truth, and whether the misstatements were necessary for the magistrate's finding of probable cause.

Despite the district court's error, we decline to remand because even assuming there were misstatements, they were not necessary to a magistrate's finding of probable cause. The only misstatement of any importance was the affiant's

statement that the affiant had followed Jake and Bobby directly to defendant's home. As noted, Jake actually dropped Bobby off at a restaurant before proceeding on to defendant's home. We conclude that even assuming the misstatement was intentional, it was not necessary for a finding of probable cause for the reasons discussed when considering the issue as an omission. Nor were the other alleged misstatements necessary for the magistrate's finding of probable cause for issuing the search warrant.

Last, we consider the district court's ruling that the hearsay statements of Jake and Bobby could not be considered by the magistrate in determining whether probable cause existed for the search warrant since neither Jake nor Bobby were shown to be reliable or credible.

A reviewing court will sustain the magistrate's determination of probable cause so long as there is a substantial basis to conclude that the narcotics are probably present. *People v Gleason,* 122 Mich App 482; 333 NW2d 85 (1983).

An affidavit in support of a search warrant may be based upon reliable information supplied to the complainant from a credible person, named or unnamed, so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein. MCL 780.653; MSA 28.1259(3). In *People v Sherbine,* 421 Mich 502, 509-510; 364 NW2d 658 (1984), our Supreme Court concluded that MCL 780.653; MSA 28.1259(3) set forth three requirements for the use of informant-supplied information:

1. The affidavit must contain affirmative allegations that the informant spoke with personal knowledge.

2. The affidavit must set forth facts from which one may conclude that the informant is credible.

3. The information supplied by the informant must be shown to be reliable.

In the present case, the affidavit contained two levels of hearsay: first, from Jake and Bobby to SOI 926, second, from SOI 926 to the affiant. The use of double hearsay is permissible provided each level of hearsay meets the *Sherbine* requirements. *People v Kalchik*, 160 Mich App 40; 407 NW2d 627 (1987); *People v Brooks*, 101 Mich App 416; 300 NW2d 582 (1980); *People v Chartrand*, 73 Mich App 645; 252 NW2d 569 (1977).

We agree with the circuit court's conclusion that the circumstances surrounding Jake and Bobby's delivery of PCP to SOI 926 combined with the police surveillance of Jake and Bobby established the reliability of Jake and Bobby's statements. The magistrate properly relied on Jake and Bobby's statements when reviewing the affidavit for probable cause.

The orders of the district court judge quashing the search warrant and dismissing the charges against defendant are reversed. The orders of the circuit court judge overturning the rulings of the district court judge and reinstating the charges against defendant are affirmed. The case is remanded to the circuit court where defendant shall be given twenty-one days from the date this opinion is released to request an evidentiary hearing relative to whether the restaurant was in Oakland County. If defendant does not request an evidentiary hearing or a hearing occurs and the circuit court finds that the omission was not relevant to the magistrate's finding of probable cause, the case should then be remanded to the district court for defendant's preliminary examination. We do not retain jurisdiction.

SULLIVAN, J., concurred.

M. J. KELLY, P.J. *(dissenting)*. On August 18,
1978, a complaint and warrant were filed in dis-
trict court charging defendant with violations of
the Controlled Substances Act. This charge has
hung unresolved over defendant's head for nine
years, and trial has still not begun.

The guarantee of a speedy trial ensured by the
Sixth Amendment "is an important safeguard to
prevent undue and oppressive incarceration prior
to trial, to minimize anxiety and concern accompa-
nying public accusation and to limit the possibili-
ties that long delay will impair the ability of an
accused to defend himself." *United States v Ewell,*
383 US 116, 120; 86 S Ct 773; 15 L Ed 2d 627
(1966).

The safeguards afforded by the guarantee of a
speedy trial "may be as important to the accused
when the delay is occasioned by an unduly long
appellate process as when the delay is caused by a
lapse between the initial arrest and the drawing of
a proper indictment . . . ." *United States v Loud
Hawk,* 474 US 302; 106 S Ct 648; 88 L Ed 2d 640,
652 (1986).

In *Barker v Wingo,* 407 Mich 514; 92 S Ct 2182;
33 L Ed 2d 101 (1972), the United States Supreme
Court established a four-part balancing test to
determine when a defendant has been denied his
constitutional right to a speedy trial. The four
factors to be balanced include length of delay,
reason for delay, defendant's assertion of his right
to a speedy trial, and prejudice to defendant be-
cause of delay. *Id.* at 517-518. *Barker* made clear
that the weight assigned a delay depends upon the
reason for delay. *Id.* at 531. This is also the stan-
dard used for determining speedy trial violations
under the Michigan Constitution. *People v Hill,*
402 Mich 272; 262 NW2d 641 (1978).

In applying the second factor of the *Barker*

balancing test, reason for delay, wilful attempts to delay for purposes of impairing the defense are weighed heavily against the government, institutional delays are considered neutral, and delays for valid reasons are considered justified. See *Barker, supra* at 531; *Loud Hawk, supra* at 654. Significant delay, for actions less culpable than deliberate delay but more culpable than institutional delay, has also been recognized. See *Sell v United States,* 525 A2d 1017 (DC App, 1987).

Applying the *Barker* balancing test, the *Loud Hawk* Court held that "delays in bringing the case to trial caused by the government's interlocutory appeal may be weighed in determining whether a defendant has suffered a violation of his rights to a speedy trial." *Loud Hawk, supra* at 655.

In *Sell,* twelve months of a twenty-four month delay were held attributable to the government because of the prosecution's failure to follow a court rule and seek expedition of an interlocutory appeal. In weighing the delay in *Sell,* the United States Court of Appeals for the District of Columbia concluded that fifty-one months, including twelve months of unnecessary appellate delay, was too long to prosecute a simple case.

Similarly, on the facts presented here, 108 months is too long for the prosecution of this case. The delay that has taken place due to the prosecution's interlocutory appeals has been significant. In July, 1980, the people brought their first appeal from the district court's dismissal. The circuit court, twenty-eight months later, reversed. Leave to appeal was denied defendant by this Court six months after that. Concurrently the case was dismissed again and the people appealed in January, 1983. Nine months later the circuit court again reversed. In December, 1984, the district court for a third time dismissed the case with the circuit

court again reversing nine months subsequent.
This latest appeal is the reason this case is now
before this Court.

At some point in time a defendant's Sixth
Amendment guarantee to a speedy trial is violated
by significant delays due to the appellate process.
This writer believes that, on the facts established
in this case, that point has been passed. The
overall length of delay is approximately nine
years, a significant portion of that delay is attrib-
utable to interlocutory appeals brought by the
government, defendant has asserted his right to a
speedy trial, and because of the many years that
have elapsed since the arrest, we should presume
that prejudice has occurred.

I would order the charges dismissed.