PEOPLE v HARAJLI

Docket No. 103709. Submitted May 11, 1988, at Detroit. Decided
    August 17, 1988. Leave to appeal applied for.

Ahmad H. Harajli and Khalil Harajli, owners and operators of
    five gasoline stations in the City of Detroit, were charged in
    Detroit Recorder's Court with several counts of sales tax eva-
    sion following the simultaneous execution of five search war-
    rants on the gasoline stations and the subsequent execution of
    additional search warrants for records from defendants' accoun-
    tant and defendants' homes. Defendants moved to quash the
    information and moved to suppress evidence of certain docu-
    ments generated in the course of business and used by their
    accountant to prepare financial statements and tax returns.
    The trial court, Warfield Moore, Jr., J., refused to quash the
    information but granted the motion in limine, ruling that the
    challenged documents were authentic but not admissible under
    the business records exception to the hearsay rule nor admissi-
    ble as admissions by a party-opponent. The people sought and
    were granted leave to file an interlocutory appeal from the
    ruling on the motion in limine. In their reply, defendants
    challenged the finding that the documents were authenticated
    and the denial of their motion to quash the information.
    Defendants also challenged, on cross-appeal, the affidavit which
    supported the initial search warrant for one of their gasoline
    stations, Camel Sales, Inc., and the specificity of the description
    of items to be seized under that warrant.

The Court of Appeals held:

1. The documents at issue are properly admissible as admis-
    sions by a party-opponent. A statement is not hearsay if it is an
    admission by a party and the statement is offered against the
    party. Such statement may include one made by an agent or

REFERENCES

Am Jur 2d, Evidence §§ 611-614, 662 et seq.
Am Jur 2d, Searches and Seizures §§ 73 et seq.
See the Index to Annotations under Agents and Agency; Confes-
    sions and Admissions; Search and Seizure.

servant of the party concerning a matter within the scope of his agency or employment during the existence of the relationship between the party and his agent or servant.

2. Defendants' claim that the trial court erred in determining that the documents were authenticated is without merit. Sufficient evidence was presented to support a finding that the documents in question were what the people claimed them to be.

3. The search warrant for Camel Sales was sufficiently specific in that it authorized seizure of only those records connected with the suspected criminal activity. The affidavit submitted in support of the warrant established probable cause to believe that the documents existed, that they related to criminal activity, and that they would be located on the premises of Camel Sales. Search warrants executed subsequent to the search of Camel Sales, which were based on evidence uncovered in the search of Camel Sales, were likewise valid.

4. Defendants' motion to quash the information was based on a contention that the search warrants were invalid. Thus, denial of this motion was proper inasmuch as the search warrants were not invalid.

Affirmed in part and reversed in part.

1. Evidence — Admissions by Party-opponent.

An admission by a party, including a statement by his agent or servant concerning a matter within the scope of his agency or employment and made during the existence of the relationship, is not hearsay when offered against the party (MRE 801[d][2][D]).

2. Searches and Seizures — Warrants.

General search warrants are prohibited by the Fourth Amendment; a particular description of things to be seized is required (US Const, Am IV; Const 1963, art 1, § 11).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Paul L. Bricker,* Assistant Attorneys General, for the people.

*Honigman, Miller, Schwartz & Cohn* (by *Richard E. Zuckerman* and *Daniel P. Perk*), for defendant.

Before: McDᴏɴᴀʟᴅ, P.J., and Kᴇʟʟʏ and W. F. Lᴀᴠᴏʏ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Defendants were charged with several counts of sales tax evasion in violation of MCL 205.27; MSA 7.657(27). Defendants moved to suppress and exclude from evidence financial documents seized pursuant to search warrants. This interlocutory appeal followed the September 10, 1987, order of the trial court which granted in part defendants' motion in limine, declaring certain business records to be hearsay and inadmissible at trial.

Defendants are the owners and operators of the following four gasoline stations located in the City of Detroit: Camel Sales, K & A Petroleum, Desert Sands, and Nancy Sales. Defendants are also part owners of Zippy Sales, Inc., also in Detroit.

In December, 1985, the Michigan State Police, along with the Agriculture Department, simultaneously executed five search warrants on these five gasoline stations. This was part of an ongoing investigation of possible gasoline sales shortages in Wayne County.

After the records seized from these businesses were examined for sales shortages, the Treasury Department was notified of possible sales tax violations. With the revelations from the material seized pursuant to the original search warrants, the Treasury Department obtained and executed search warrants for additional records from defendants' accountant and defendants' homes.

At the evidentiary hearing on defendants' motion in limine, the trial court determined that the seized material amounted to authentic business records of defendants' businesses. However, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court concluded that these materials were hearsay and that no exception to the hearsay rule was applicable. While refusing to quash the information and dismiss the tax evasion charges, the trial court did grant the motion in limine, finding that the documents were neither admissions, admissible pursuant to MRE 801(d)(2)(D), nor records compiled by a person with knowledge, the hearsay exception of MRE 803(6).

The people appeal the granting of defendants' motion in limine and defendants, in reply, challenge the finding that the records were authenticated and the denial of their motion to quash the information. Defendants also challenge, on cross-appeal, the affidavits that supported the original search warrant and the specificity of the description of items to be seized in the original search warrant.

The people argue that the documentary evidence seized is admissible in evidence as an admission of a party and on that basis the decision of the trial court granting defendants' motion in limine should be reversed. MRE 801 provides that a statement is not hearsay if it is an admission by a party and the statement is offered against the party. This includes "a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship . . . ." MRE 801(d)(2)(D). The people rely on this part of the rule in their contention that the trial court erred in determining that the evidence excluded was not an admission.

Here, defendants moved in limine to preclude admission of cash receipts, recap sheets, check registers, bank statements and diesel fuel reports that their accountant used to prepare a monthly financial statement and yearly sales tax, business

tax and personal income tax returns. Defendants were required by law to keep

> accurate and complete beginning and annual inventory and purchase records of additions to inventory, complete daily sales records, receipts, invoices, bills of lading, and any and all pertinent documents. [MCL 205.67; MSA 7.538.]

Thus, defendants were at all times statutorily required to keep and maintain the records and documents they now seek to keep from the factfinder.

These documents are admissible as admissions pursuant to MRE 801(d)(2). As previously stated, defendants were required by law to generate this documentation. Either by their own hands, or through agents hired for that purpose, cash register receipts, check registers and recap sheets recording the sale of fuel at defendants' places of business were created. Once generated, these documents (essentially inventory purchases and sales records) were turned over to defendants' accountant to be compiled by him for assessment of sales tax liability. These records were statements made by defendants or their agents (concerning matters within the scope of their agency and made during the existence of the relationship) and therefore admissions of a party, not hearsay. See *Adama v Doehler-Jarvis,* 419 Mich 905; 353 NW2d 438 (1984).

In their responsive brief defendants' first contention is that the trial court erred in determining that the business records in question were authenticated. However, by failing to properly raise this issue by way of cross-appeal, defendants have failed to preserve this question for appeal. *Peisner v The Detroit Free Press, Inc,* 421 Mich 125; 364

NW2d 600 (1984). And, in any event, we find no abuse of discretion in the trial court's determination that the documents were authenticated, since, at the evidentiary hearing, sufficient evidence was presented to support a finding that the matter in question was what the people claim. See MRE 901(a).

In their cross-appeal defendants challenge the initial search warrant which authorized the search of Camel Sales. Defendants claim this warrant failed to particularly describe the items to be seized. Defendants also claim the affidavit in support of the warrant failed to establish probable cause to believe that the books and records seized existed, that they related to criminal activity, or would be located at Camel Sales. Based on their contention that this original warrant was defective, defendants argue that subsequent warrants were not supported by probable cause.

General warrants are prohibited by the Fourth Amendment; a particular description of things to be seized is required. *Andresen v Maryland,* 427 US 463, 480; 96 S Ct 2737; 49 L Ed 2d 627 (1976); US Const, Am IV; Const 1963, art I, § 11.

However, despite defendants' claims to the contrary, the Argriculture Department's search warrant for the Camel Sales gas station was not unconstitutionally general. Read in context, the warrant authorized the seizure of all books, records, papers, correspondence and tax returns of the business identified in connection with the falsification of the weights and measures of the gasoline purchases. The warrant was sufficiently specific in that it authorized seizure of only those records connected with the criminal activity identified.

In addition, looking at the affidavit in a common-sense manner, it was reasonable to expect to

find a business' financial records at the place of the business. Therefore, the affidavit enabled the magistrate to conclude that the evidence sought would be found in the place described. Second, the records of defendants' other businesses found during the search of the Camel Sales offices were properly seized. The officers were validly on the premises. The search warrant for the Camel Sales station was executed simultaneously with the search warrants for defendants' other places of business. The officer searching the Camel Sales gas station was informed by officers searching the other gas stations that records from defendants' other businesses could be found at the Camel Sales station. Thus, the records of the other businesses were obviously evidence of criminal activity and discovered inadvertently; their seizure was not unconstitutional.

In conclusion, since the Camel Sales search warrant was valid, the subsequent search warrants were not rendered invalid as they were based on evidence properly seized pursuant to the initial search warrants. This evidence provided probable cause for the subsequent warrants.

Defendants have also challenged the trial court's denial of their motion to quash. However, since that motion was based upon the defendants' contention that the search warrants were invalid, and since we have found that those searches and seizures were constitutional, we conclude that there is no merit to this claim as well.

Affirmed in part and reversed in part.