PEOPLE v JACKSON

Docket No. 114775. Submitted July 20, 1989, at Grand Rapids. De-
cided September 19, 1989.

Raymond Jackson, III, was charged with possession of marijuana.
The marijuana had been found during a patdown search by
police when defendant arrived at a certain residence in Bay
City during the execution of a search warrant at that premises.
The warrant provided that the premises, a named individual
and any person at or coming to the premises could be searched
for drugs and drug paraphernalia. The search warrant was
based upon the averment of prior drug sales by the named
individual at that premises and an averment that persons at
places of drug raids often attempt to hide the items which are
the subject of the search. Defendant moved in 74th District
Court to suppress the use as evidence of the marijuana found
on his person. The district court, Scott J. Newcombe, J., denied
the motion. Defendant sought leave to appeal to Bay Circuit
Court, which denied the application, Eugene C. Penzien, J.
Defendant sought leave to appeal to the Court of Appeals,
which, in lieu of granting leave, reversed the district court's
decision and ordered that the evidence be suppressed. Unpub-
lished order of the Court of Appeals of April 26, 1988 (Docket
No. 105473). The prosecutor sought leave to appeal to the
Supreme Court, which, in lieu of granting leave, remanded to
the Court of Appeals for plenary consideration as on leave
granted. 432 Mich 853 (1989).

The Court of Appeals *held:*

Because of the general nature of the language of the affidavit
supporting the warrant, the warrant was constitutionally in-
firm to the extent that it authorized the search of any persons
found on the premises. Since the prosecution neither attempted
to justify the search on the basis that it was a proper weapons
search or on the basis that there were other factors at the time
of the search that established probable cause to search defen-
dant, it was error for the district court to deny the motion to

REFERENCES

Am Jur 2d, Searches and Seizures §§ 79, 111-113.
See the Index to Annotations under Search and Seizure.

suppress. Good faith on the part of the police is not legally sufficient to overcome the constitutional infirmity.

Reversed.

Weaver, J., concurred in result only and wrote separately to express the belief that the good faith exception might apply under some circumstances.

Searches and Seizures — Search Warrants — Probable Cause.

A search warrant which authorizes the search for drugs of a particular premises, a named person at that address and other persons on or coming to the premises during the execution of the warrant is not valid with respect to persons other than the named person; items seized from persons other than the named person on the basis of the warrant alone rather than because the search was based on an independent showing of probable cause, was a proper weapons search or was incident to a valid arrest may not be admitted into evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Bay County Public Defender* (by *Kenneth M. Malkin*), for defendant.

Before: Danhof, C.J., and Cynar and Weaver, JJ.

Per Curiam. An affidavit for search warrant provided in part:

It has been my personal experience that people on the premises during the execution of a search warrant issued by a Magistrate specifically to look for drugs or other contraband often will attempt to hide the very items which the Search Warrant provides may be seized by the officers and these items are usually money, Controlled Substances, or drug paraphernalia. Apparently, those who are identified as carrying on illegal drug trafficking out of their residence often have the most to hide

at those premises when the police enter the home
with a search warrant.

Based on the affidavit, the district court issued a
search warrant on April 15, 1987, for a house
located at 614 S. Henry Street in Bay City, Bay
County, Michigan. The warrant also authorized
the search of the person of Annette Humphrey
and "the persons of other individuals on or coming
into the premises during the execution of the
search warrant" for controlled substances and re-
lated paraphernalia.

While police were executing the search warrant,
defendant arrived at the residence. According to
the police report, defendant was subjected to a
patdown for protection of the officers. During the
patdown, the officer felt a bulge in defendant's left
sock and retrieved a baggie containing what later
proved to be marijuana.

Defendant filed a motion to suppress the mari-
juana, which was denied by the district court on
August 6, 1987. The circuit court subsequently
denied defendant's application for leave to appeal.
On April 26, 1988, in lieu of granting leave to
appeal, the Court of Appeals reversed and granted
suppression of the evidence. Rehearing was denied
on July 29, 1988. Thereafter, the Supreme Court,
in lieu of granting leave to appeal, remanded this
case to the Court of Appeals for plenary considera-
tion on January 25, 1989. 432 Mich 853 (1989).
Upon review of the record, we once again reverse
the decision of the district court and grant sup-
pression of the marijuana seized from defendant.

Defendant argues that the district court erred in
ruling that the affidavit was sufficient to establish
probable cause for the search of "other individuals
on or coming into the premises." We agree. We
find such language to amount to a general warrant

proscribed by the Fourth Amendment, US Const, Ams IV, XIV; Const 1963, art 1, § 11; *People v Harajli,* 170 Mich App 794, 799; 428 NW2d 781 (1988).

A reviewing court must determine whether a magistrate's decision is supported by a sufficiently substantial basis. *People v Kort,* 162 Mich App 680, 690; 413 NW2d 83 (1987); *People v Gleason,* 122 Mich App 482, 490; 333 NW2d 85 (1983); *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983), reh den 463 US 1237 (1983). While deference to the magistrate is appropriate in marginal cases, "a magistrate is no more qualified than a reviewing court to determine whether probable cause may be found within the four corners of an affidavit." An abuse of discretion standard of review is inappropriate as it would undermine the Fourth Amendment requirement of probable cause for a warrant to issue. *Gleason, supra* at 489.

We find this case controlled by the reasoning in *Ybarra v Illinois,* 444 US 85; 100 S Ct 338; 62 L Ed 2d 238 (1979). In *Ybarra,* a warrant was issued allowing the search of a tavern and a bartender who the police had probable cause to believe was selling drugs in the tavern. Defendant was a patron of the bar at the time the warrant was executed. The police detained defendant and patted him down and, in the process, discovered packets of heroin on his person. The Supreme Court found that, since the police did not have probable cause to search defendant, the evidence should be suppressed, noting:

It is true that the police possessed a warrant based on probable cause to search the tavern in which Ybarra happened to be at the time the warrant was executed. But, a person's mere pro-

pinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Sibron v New York,* 392 US 40, 62-63 [88 S Ct 1889; 20 L Ed 2d 917 (1968)]. Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be. The Fourth and Fourteenth Amendments protect the "legitimate expectations of privacy" of persons, not places. [See *Rakas v Illinois,* 439 US 128, 138-143, 148-149; 99 S Ct 421; 58 L Ed 2d 387 (1978)]; *Katz v United States,* 389 US 347, 351-352 [88 S Ct 507; 19 L Ed 2d 576 (1967)]. [444 US 91].

We find no practical difference between searching someone pursuant to a warrant that specifically names someone else and searching someone pursuant to a warrant which purports to allow the police to search absolutely anyone who happens by the place being searched and which is based solely on vague and generalized assertions contained in a supporting affidavit. In both instances, the person actually searched is not identified with any particularity whatsoever.

While warrant language expressly permitting the search of unnamed persons may not be constitutionally infirm in every instance, the affidavit language cited here does not even go so far as to particularize the nature of the illegal conduct allegedly committed by the people who visit or reside at the specific address in question. Plainly, at any particular time even a private residence may have on its premises any combination of residents, invitees, licensees, or even trespassers, any number of whom may be innocent of any

alleged wrongdoing and for whom no probable cause to search exists.

This case is distinguishable from the recent decision in *People v Arterberry*, 431 Mich 381; 429 NW2d 574 (1988). In *Arterberry*, officers obtained a warrant authorizing them to search a particular residence and a man named "Doug" for heroin. While executing the warrant, the officers discovered and forced open a locked toolbox containing a quantity of controlled substances. Only after discovering the controlled substances did the police then search the occupants of the house, finding the key to the box in the defendant's possession. The Supreme Court found the situation distinguishable from *Ybarra*, as the search of the tavern and bartender in that case did not disclose any illegal substances. *Arterberry*, 431 Mich 385-386. The Court concluded that upon discovering the controlled substances the police officers had probable cause to arrest all occupants of the residence for loitering in a place of illegal occupation or business, MCL 750.167(j); MSA 28.364(j), and, therefore, could search the occupants incident to arrest. *Arterberry*, 431 Mich 383-384.

Furthermore, it is important to note that the Supreme Court did not rest its finding of probable cause to search the defendant solely on the fact that the police had information to the effect that a "dope" business was being operated from the residence. Rather, it appears only that the Court considered such information a factor to be considered in determining whether probable cause exists. *Arterberry*, 431 Mich 386, n 7.

The *Arterberry* decision is consistent with *Michigan v Summers*, 452 US 692; 101 S Ct 2587; 69 L Ed 2d 340 (1981), which held that a warrant to search a residence for contraband, founded on probable cause, implicitly carries with it the lim-

ited authority to detain, but not search, occupants of the premises while a proper search of the home is conducted. Once evidence to establish probable cause to arrest an occupant is found, that person's arrest and search incident thereto is constitutionally permissible. *Summers,* 462 US 705.

Here, the record does not even clearly indicate whether any other controlled substances were discovered during the search of Ms. Humphrey's person or the house. The prosecution rested its entire argument before the district court on the sufficiency of the search warrant and supporting affidavit and failed to establish any factual record on which to justify a finding of probable cause to search defendant under the holdings of *Arterberry* and *Summers.*

Moreover, we find it curious that the prosecution did not attempt to argue below that the marijuana was discovered incident to a lawful *Terry* weapons search, even though the police report seems to suggest that was what in fact occurred. If the prosecution were able to establish that the officers had reasonable suspicion defendant was engaged in, or was about to engage in, criminal activity and was armed and dangerous, then drugs found incident to a protective patdown would be admissible. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968); *Pennsylvania v Mimms,* 434 US 106; 98 S Ct 330; 54 L Ed 2d 331 (1977). However, since no factual record to support such a contention was developed, defendant's mere presence on premises where an authorized narcotics search was taking place was insufficient to establish reasonable cause. *Ybarra,* 444 US 92-94.

Finally, the prosecution argues, alternatively, that the evidence should not be excluded where the police searched the defendant in good faith and reasonable reliance on a search warrant that

is later determined to be invalid, relying on *United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), reh den 468 US 1250 (1984), and *Massachusetts v Sheppard,* 468 US 981; 104 S Ct 3424; 82 L Ed 2d 737 (1984). However, our Courts have declined to adopt a good faith exception, finding greater protection afforded defendant under our own state constitution. See, e.g., *People v Tanis,* 153 Mich 806, 813; 396 NW2d 544 (1986), lv den 426 Mich 877 (1986); *In re Forfeiture of $28,088,* 172 Mich App 200, 206, n 1; 431 NW2d 437 (1988).

Reversed.

WEAVER, J. *(concurring).* I concur in the result reached by my colleagues because the affidavit for search warrant provided to the district court in this case was so vague and overbroad that it could not be construed as providing an objectively reasonable basis for undertaking a search of the defendant.

However, I do not agree that a good faith exception would not apply under some circumstances, consistent with the principles enunciated in *United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), reh den 468 US 1250 (1984), and *Massachusetts v Sheppard,* 468 US 981; 104 S Ct 3424; 82 L Ed 2d 737 (1984). Therefore I concur in the result only.