PEOPLE v ROBERT HILL

Docket No. 135130. Submitted October 3, 1991, at Grand Rapids. Decided November 19, 1991, at 9:15 A.M. Leave to appeal denied, 439 Mich 961.

Robert S. Hill was charged in the Kalamazoo Circuit Court with delivering more than 50, but less than 225, grams of cocaine, conspiring to deliver that amount of cocaine, and being an habitual offender. Before his arrest, the defendant was subjected to a search of his person pursuant to a warrant, during which a $50 bill from an undercover drug investigation was discovered. A second warrant, for the search of the defendant's residence, was executed, and cocaine was discovered. The court, William G. Schma, J., finding that the search of the defendant was not supported by the allegations of probable cause set forth in the search warrant affidavit and that there was no independent basis for the search, quashed the search warrants and suppressed the evidence obtained. The prosecutor appealed by leave granted.

The Court of Appeals *held:*

1. The affidavit contained no information that would have justified a fair-minded person of average intelligence to believe that the defendant had committed a felony. Therefore, the affidavit was insufficient to provide probable cause for a search of the defendant or for his arrest. Because the arrest was not supported by probable cause, the search cannot be considered as one incident to a lawful arrest.

2. The trial court did not err in suppressing evidence of the $50 bill in the absence of a showing by the prosecutor that it inevitably would have been discovered despite the illegal search and arrest of the defendant.

3. The trial court, in quashing the warrant for the search of the defendant's residence and in suppressing the evidence obtained during that search, did not err in ruling that the police would not have had probable cause for that search without the discovery of the $50 bill.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *James J. Gregart,* Prose-cuting Attorney, and *Joseph S. Skocelas,* Assistant Prosecuting Attorney, for the people.

*Edmond S. Mazur,* for the defendant.

Before: DANHOF, C.J., and SULLIVAN and NEFF, JJ.

PER CURIAM. We granted the prosecution leave to appeal in this search and seizure case. The prosecution challenges the trial court's grant of defendant's motion to quash two search warrants and to suppress evidence. We affirm.

In ruling on defendant's motion, the trial court ruled that the search of defendant's person was unsupported by the allegations of probable cause set forth in the search warrant affidavit and that no independent basis for that search existed. The prosecution concedes that the affidavit underlying the first search warrant was insufficient to provide probable cause to search defendant. However, it argues that, taken as a whole, all of the facts known to police independent of the warrant consti-tuted probable cause to arrest defendant and sub-ject him to a search incident to that lawful arrest.

We disagree with the prosecution. Before search-ing defendant and discovering a $50 bill that was involved in a controlled drug "buy," the police did not have probable cause to arrest defendant. At best, they had reason to believe that defendant chauffeured a known drug dealer while the dealer ostensibly was obtaining cocaine to complete a drug transaction. These facts would not justify a fair-minded person of average intelligence in be-lieving that the suspect had committed a felony; therefore, probable cause to arrest did not exist. *People v Oliver,* 417 Mich 366, 374; 338 NW2d 167

(1983); *People v Thomas,* 191 Mich App 576; 478 NW2d 712 (1991).

The prosecution's argument that the $50 bill inevitably would have been discovered during an inventory of defendant's personal property incident to a proper arrest must also fail. We agree that, although evidence obtained as a result of a defendant's unlawful arrest normally would be suppressed under the fruit of the poisonous tree doctrine, it nevertheless may be admissible if the prosecution can show that the same evidence inevitably would have been discovered despite the unlawful police conduct that resulted in the application of the exclusionary rule. *Nix v Williams,* 467 US 431; 104 S Ct 2501; 81 L Ed 2d 377 (1984); *People v Thomas, supra,* p 581. However, the prosecution has made no such showing. Had defendant not been illegally searched and arrested, neither the $50 bill nor the cocaine discovered in the trunk of defendant's automobile would have been found. And had the illegal search and seizure not taken place, the police would not have had probable cause to obtain a warrant for the search of defendant's residence. *Segura v United States,* 468 US 796, 815; 104 S Ct 3380; 82 L Ed 2d 599 (1984); *People v Jordan,* 187 Mich App 582, 588; 468 NW2d 294 (1991).

Finally, the prosecution contends that this Court should recognize and apply a good-faith exception to the search warrant requirement because the police acted on a search warrant they believed was valid. We decline. *People v Jackson,* 180 Mich App 339, 346; 446 NW2d 891 (1989).

We conclude that the trial court's decision to quash and suppress was not clearly erroneous, and we therefore affirm it. *People v Thomas, supra,* p 583; *People v Martinez,* 187 Mich App 160, 171; 466 NW2d 380 (1991).