PEOPLE v SCHERF

Docket No. 234661. Submitted May 8, 2002, at Lansing. Decided May 21,
2002, at 9:10 A.M. Leave to appeal granted, 467 Mich 856.

Michael B. Scherf was charged in the district court with possession of
marijuana. He moved to suppress the evidence on the basis that the
bench warrant for his arrest was not supported by an affidavit of
the probation officer that petitioned for the bench warrant. The
marijuana was discovered on the defendant during a search inci-
dent to his arrest pursuant to the bench warrant. The district court
denied the motion on the basis of the "good faith" exception to the
exclusionary rule. The defendant appealed to the Isabella Circuit
Court, Thomas A. Beale, J., which reversed the district court's
order and dismissed the case, concluding that the bench warrant
was not legal and that the good-faith exception to the exclusionary
rule does not apply in Michigan. The prosecution appealed by leave
granted.

The Court of Appeals *held*:

1. The United States Supreme Court has recognized a good-faith
exception to the exclusionary rule, at least insofar as the exclusion-
ary rule is based on the federal constitution. The Michigan
Supreme Court has stated that, in comparing the state and federal
constitutional protections against unreasonable searches and
seizures, the Michigan Constitution does not provide more protec-
tion than its federal counterpart. Therefore, the Court of Appeals is
compelled to apply federal precedent construing the scope of the
exclusionary rule to this matter.

2. Although Michigan courts should, as a matter of law, recognize
the good-faith exception, the Court of Appeals is bound by MCR
7.215(I)(1) to follow the decision in *People v Hill*, 192 Mich App 54
(1991), which specifically declined to recognize and apply the
good-faith exception to the exclusionary rule. Were the Court not
bound to follow *Hill*, the circuit court's order would be reversed
and the matter would be remanded for further proceedings.

Affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *Larry J. Burdick*, Pros-

ecuting Attorney, and *Roy R. Kranz*, Assistant Prosecuting Attorney, for the people.

*Hall & Lewis, P.C.* (by *John W. Lewis*), for the defendant.

Before: SAAD, P.J., and OWENS and COOPER, JJ.

OWENS, J. The prosecution appeals by leave granted from a circuit court order granting defendant's motion to suppress evidence and dismissing the case, thereby reversing a district court order denying defendant's motion. We would reverse but for *People v Hill,* 192 Mich App 54; 480 NW2d 594 (1991), which compels us to affirm.

Defendant pleaded guilty in a separate case to a charge of manufacturing with intent to deliver between five and forty-five kilograms of marijuana, MCL 333.7401(2)(d)(ii). He was placed on Holmes Youthful Trainee status and sentenced to probation. After defendant allegedly violated his probation, the probation officer filed a petition for a bench warrant. The petition was not supported by an affidavit as required by MCR 3.606. Despite this deficiency, a district court issued a bench warrant for defendant's arrest. Subsequently, defendant was arrested, and a search of defendant incident to his arrest revealed approximately seven grams of marijuana. After being charged in this case with possession of marijuana, MCL 333.7403(2)(d), defendant moved to suppress the evidence, arguing that the petition for the bench warrant was invalid and, therefore, the arrest was illegal. In denying defendant's motion, the district court relied on the "good faith" exception to the exclusionary rule, citing *Arizona v Evans,* 514 US 1; 115 S Ct 1185; 131 L Ed 2d 34 (1995), as persuasive authority.

Defendant thereafter appealed to the circuit court, which reversed the district court's decision, concluding that the bench warrant was not legal and that the "good faith" exception to the exclusionary rule does not apply in Michigan. We granted the prosecution's application for leave to appeal.

The prosecution's sole issue on appeal is its allegation that the circuit court erred in suppressing the evidence on the basis of an invalid bench warrant because a "good faith" exception to the exclusionary rule applies in Michigan, particularly where there is no police misconduct. We review de novo this constitutional issue. *People v Rizzo*, 243 Mich App 151, 155; 622 NW2d 319 (2000).

In *Evans*, the United States Supreme Court considered whether a court clerk's failure to notify the sheriff's office that an arrest warrant had been quashed rendered the results of a subsequent search incident to an arrest relying on the invalidated warrant inadmissible under the exclusionary rule. *Evans, supra* at 5. The Court opined that the exclusionary rule "operates as a judicially created remedy designed to safeguard against future violations of Fourth Amendment rights through the rule's general deterrent effect." *Id.* at 10. Thus, the *Evans* Court noted that, inasmuch as the exclusionary rule is a "remedial device," its "application has been restricted to those instances where its remedial objectives are thought most efficaciously served." *Id.* at 11.

In considering whether the exclusionary rule should apply when a court employee, rather than a police officer, created the invalidating circumstance, the *Evans* Court turned to its earlier decision in *United States v Leon*, 468 US 897; 104 S Ct 3405; 82

L Ed 2d 677 (1984). *Evans, supra* at 11-15. The *Leon* Court considered whether the exclusionary rule barred the use of evidence obtained by police officers "acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." *Leon, supra* at 900. Recognizing that the error did not result from police misconduct, the *Leon* Court opined:

> To the extent that proponents of exclusion rely on its behavioral effects on judges and magistrates in these areas, their reliance is misplaced. First, the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates. Second, there exists no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion. Third, and most important, we discern no basis, and are offered none, for believing that exclusion of evidence seized pursuant to a warrant will have a significant deterrent effect on the issuing judge or magistrate. [*Id.* at 916.]

Thus, the *Leon* Court ruled that, unless the officer relying on the search warrant lacked objectively reasonable grounds for believing that the search warrant was properly issued, "the marginal or nonexistent benefits produced by suppressing evidence obtained . . . cannot justify the substantial costs of exclusion." *Id.* at 922. Ultimately, the *Leon* Court reversed the lower courts' rulings that the seized evidence should be excluded, thereby creating what is now commonly referred to as the "good faith" exception to the exclusionary rule. *Id.* at 903-906, 926.

Relying on the *Leon* decision, the *Evans* Court noted that there was no indication that the arresting

officer lacked an objectively reasonable basis for relying on the arrest warrant. *Evans, supra* at 15-16. Indeed, the Court opined that *Leon* supported a "categorical exception to the exclusionary rule for clerical errors of court employees." *Id.* at 16. Consequently, the Court reversed the Arizona Supreme Court decision vacating the Arizona Court of Appeals decision, which had ruled that the evidence was admissible pursuant to the "good faith" exception to the exclusionary rule. *Id.* at 6, 15-16.

In light of the *Leon* and *Evans* decisions, it is clear that the United States Supreme Court has recognized a "good faith" exception to the judicially created exclusionary rule, at least insofar as the exclusionary rule is based on our federal constitution. However, the *Evans* Court reiterated the general rule that "state courts are absolutely free to interpret state constitutional provisions to accord greater protection to individual rights than do similar provisions of the United States Constitution." *Id.* at 8. Thus, before recognizing a "good faith" exception to the exclusionary rule, we must determine whether the Michigan Constitution provides greater protection against unlawful searches and seizures than the Fourth Amendment of the United States Constitution.

In *People v Faucett*, 442 Mich 153, 158; 499 NW2d 764 (1993), our Supreme Court, in the context of comparing our state and federal constitutional protections against unreasonable searches and seizures, unequivocally answered that question for us, opining: "Because the Michigan Constitution does not provide more protection than its federal counterpart, under the circumstances of this case, federal law controls our inquiry." Thus, we believe that we are compelled

to apply federal precedent construing the scope of the exclusionary rule to the instant matter. Therefore, we believe that the *Evans* and *Leon* decisions are binding precedent in Michigan and that we should, as the district court concluded, recognize the "good faith" exception to the exclusionary rule.

Here, it is undisputed that defendant's arrest, and the resultant search of defendant and seizure of evidence, were based on an invalid bench warrant and, therefore, the arrest and consequential search were unlawful. However, it is also not disputed that the defect in the validity of the bench warrant was caused by a magistrate erroneously issuing a bench warrant on the basis of a probation officer's defective petition. There is no evidence suggesting that police officers or officials contributed to the invalid bench warrant, much less that the bench warrant was the product of police misconduct. Accordingly, the remedial purpose of the exclusionary rule, that is, serving as a deterrent to future police misconduct, is not served by excluding the evidence seized in the instant matter. *Evans, supra* at 10-11. Moreover, there is no evidence suggesting that the officers who relied on the purported validity of the search warrant lacked an objectively reasonable basis for doing so. Consequently, we believe that the circuit court erred as a matter of law in not applying the "good faith" exception to the exclusionary rule.

However, in *Hill*, a panel of this Court specifically declined to recognize and apply the "good faith" exception to the exclusionary rule. *Hill, supra* at 56. Thus, although we believe that Michigan should, as a matter of law, recognize the "good faith" exception, we are bound by the *Hill* decision to conclude other-

wise, MCR 7.215(I)(1), as was the circuit court pursuant to MCR 7.215(C)(2). Were we not bound by the *Hill* decision,[1] we would reverse the circuit court order suppressing the evidence and remand for further proceedings.

Affirmed.

COOPER, J. I concur in the result only.

---

[1] Judge O'CONNELL's opinion in *People v Hellis*, 211 Mich App 634; 536 NW2d 587 (1995), to adopt the "good faith" exception, is without precedential effect because there was no majority agreement on this point. *Fogarty v Dep't of Transportation*, 200 Mich App 572, 574-575; 504 NW2d 710 (1993).