# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 8, 2007

133126

PEOPLE OF THE STATE OF MICHIGAN,
　　　　　Plaintiff-Appellant,

v

MICHELLE ELIZABETH LABELLE,
　　　　　Defendant-Appellee.
_____/

SC: 133126
COA: 261749
Livingston CC: 04-014511-AR
53rd DC: 04-000283-FY

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

　　　　　On order of the Court, the application for leave to appeal the December 12, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REMAND this case to the 53rd District Court for further proceedings not inconsistent with this order.  The driver of the motor vehicle in which the defendant was a passenger violated MCL 257.652(1) by failing to come to a full stop before entering a highway from a private drive.  Thus, there were objective and reasonable grounds to stop the vehicle.  If a stop of a motor vehicle is objectively lawful, the subjective intent of the officer is irrelevant to the validity of the stop or a subsequent arrest or search and seizure of evidence.  *Whren v United States*, 517 US 806; 116 S Ct 1769; 135 L Ed 2d 89 (1996).  That is, a valid stop on the basis of a traffic violation will not be invalidated on the ground that the officer had an ulterior motive when he or she made the stop.  *Id.*; *People v Davis*, 250 Mich App 357, 363 (2002).  Thus, even if the defendant had standing to raise a constitutional objection to the stop of the vehicle, there exists a valid ground to declare the stop lawful.  The search of the interior of the vehicle was valid because the driver consented to the search.  *Schneckloth v Bustamonte*, 412 US 218; 93 S Ct 2041; 36 L Ed 2d 854 (1973); *People v Frohriep*, 247 Mich App 692, 703 (2001).  Alternatively, since the law enforcement officer who effectuated the stop had the authority to arrest the driver of the vehicle because the driver failed to produce a valid operator's license, the search was valid.  The search incident to arrest exception to the warrant requirement "applies whenever there is probable cause to arrest, even if an arrest is not made at the time the search is actually conducted."  *People v Solomon (Amended Opinion)*, 220 Mich App 527, 530 (1996).  See also *People v Arterberry*, 431 Mich 381, 384-385 (1988); *People v Champion*, 452 Mich 92, 116 (1996).  The search of the backpack was valid.  Because the stop of the vehicle was legal, the defendant, a passenger, lacked standing to challenge the subsequent search of the vehicle.  See *Rakas v Illinois*, 439 US 128; 99 S Ct 421; 58 L Ed 2d 387 (1978); *People v Smith*, 420 Mich 1 (1984); *People v Armendarez*, 188 Mich App

61 (1991). Authority to search the entire passenger compartment of the vehicle includes any unlocked containers located therein, including the backpack in this case. Moreover, the defendant did not assert a possessory or proprietary interest in the backpack before it was searched but, rather, left the backpack in a car she knew was about to be searched. See *People v Mamon* , 435 Mich 1, 6-7 (1990), quoting *United States v Thomas*, 864 F2d 843, 845-846 (CA DC, 1989).

CAVANAGH, J., would deny leave to appeal.

KELLY, J., dissents and states as follows:

I dissent from the Court's decision to resolve the jurisprudentially significant issues presented in this case in a peremptory fashion. This case deserves a full hearing to consider whether defendant, an automobile passenger, had standing to object to the traffic stop and, if so, whether the stop was valid.

The majority relies on *Whren v United States*[1] and *People v Davis*[2] for the proposition that a legal traffic stop will not be invalidated merely because the officer had an ulterior motive in making the stop. However, in those cases, the police stopped the respective defendants for violating traffic code provisions. *Whren*, 517 US at 810; *Davis*, 250 Mich App at 362. Therefore, regardless of the officers' motivations for making the stops, the courts found that they did not violate the Fourth Amendment of the United States Constitution. *Whren*, 517 US at 812-813; *Davis*, 250 Mich App at 362. These cases do not hold that the officer can justify the stop by asserting a previously unknown basis for the stop when the reason stated originally is declared invalid.

In this case, the officer detained a vehicle and ticketed the driver for failing to stop at a stop sign. It was later revealed that no stop sign existed. Therefore, unlike in *Whren* and *Davis*, here it appears that the arresting officer did not rely on objective and reasonable grounds to stop the vehicle.

The Court should grant leave to appeal to determine whether the traffic stop was valid. The other significant issue that has been raised is whether defendant had standing to challenge the stop. Because of the significance of the issues involved, this case should not be disposed of in a peremptory fashion.

---

[1] 517 US 806 (1996).

[2] 250 Mich App 357 (2002).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 8, 2007

*Corbin R. Davis*

Clerk

s0529