# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 13, 2016

Plaintiff-Appellee,

v

No. 327881
Jackson Circuit Court

LARRY GERALD MEAD,

LC No. 14-004482-FH

Defendant-Appellant.

Before: TALBOT, C.J., and O'CONNELL and OWENS, JJ.

PER CURIAM.

Defendant, Larry Gerald Mead, appeals as of right his conviction, following a jury trial, of possessing methamphetamine, MCL 333.7403(2)(b)(*i*), as a fourth-offense habitual offender, MCL 769.12. The trial court sentenced him to serve 2 to 10 years' imprisonment. We affirm.

## I. FACTUAL BACKGROUND

Jackson Police Officer Richard Burkart testified that he stopped a vehicle for an expired license plate. Mead, a passenger in the vehicle, was holding a backpack on his lap. The driver consented to a search of the vehicle. When Officer Burkart asked Mead to leave the vehicle, Mead left his backpack on the passenger compartment floor. Mead consented to a search of his person, and Officer Burkart found nothing illegal on Mead. However, when Officer Burkart searched the vehicle, he opened the backpack in the front passenger compartment and found methamphetamine. Mead then admitted the backpack belonged to him. The trial court denied Mead's motion to suppress the evidence. At trial, Mead testified that he was "not contesting the drugs," but only "the manner in which [the search] was conducted."

## II. ANALYSIS

Mead contends that the trial court erred by refusing to suppress the evidence found in the backpack. We disagree.

This Court reviews for clear error the trial court's findings following a suppression hearing. *People v Chowdhury*, 285 Mich App 509, 514; 775 NW2d 845 (2009). The trial court has clearly erred if we are definitely and firmly convinced that it made a mistake. *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). We review de novo the trial court's ultimate decision on a suppression motion. *Chowdhury*, 285 Mich App at 514. We also review

-1-

de novo whether police conduct violated the Fourth Amendment. *People v Hyde*, 285 Mich App 428, 438; 775 NW2d 833 (2009).

Both the United States and Michigan constitutions "guarantee the right of persons to be secure against unreasonable searches and seizures." *Id*. (quotation marks and citations omitted). See US Const, Am IV; Const 1963, art 1, § 11. If police officers obtain evidence while violating the Fourth Amendment, the evidence is generally inadmissible in criminal proceedings. *Hyde*, 285 Mich App at 439; *Mapp v Ohio*, 367 US 643, 655; 81 S Ct 1684; 6 L Ed 2d 1081 (1961). A search conducted without a warrant violates the Fourth Amendment unless an exception to the warrant requirement applies. *People v Dagwan*, 269 Mich App 338, 342; 711 NW2d 386 (2005).

However, a person must have standing to challenge the validity of a search. *People v Earl*, 297 Mich App 104, 107; 822 NW2d 271 (2012). A passenger with no property or possessory interest in a vehicle that has been legally stopped lacks standing to contest a search of the vehicle. *Id*. at 108.

Mead contends that he had standing to contest the search in this case because the backpack in which the drugs were found belonged to him, not the driver. We disagree, concluding that *People v LaBelle*, 478 Mich 891; 732 NW2d 114 (2007), controls the outcome of this case.

In *LaBelle*, the vehicle's driver consented to the search of the passenger compartment of the vehicle. *People v LaBelle*, 273 Mich App 214, 216; 729 NW2d 525 (2006), reversed 478 Mich 891 (2007). The vehicle's passenger left a backpack on the floor in the front passenger compartment, and inside the backpack, officers discovered marijuana. *Id*. The passenger stated that the backpack belonged to her. *Id*. This Court initially overturned the passenger's conviction. *Id*. at 226.

However, our Supreme Court reversed, holding that the search of the backpack was valid because the driver consented to the search. *LaBelle*, 478 Mich at 891-892. The driver's consent included the entire passenger compartment of the vehicle and any unlocked containers inside, including the backpack. *Id*. The passenger "did not assert a possessory or proprietary interest in the backpack before it was searched but, rather, left the backpack in a car she knew was about to be searched." *Id*.

The facts in this case are closely analogous—Mead left his backpack in a vehicle that he knew was about to be searched, and he did not assert a possessory interest in the backpack until after the search. While Mead asserts for a variety of reasons that the Michigan Supreme Court improperly decided *LaBelle*, this Court is not free to overrule decisions of the Michigan Supreme

Court.  See *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011).[1]  On the basis of *LaBelle*, the trial court properly denied Mead's motion to suppress the evidence in this case.

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Donald S. Owens

---

[1] This includes Supreme Court orders that include a decision with an understandable rationale, *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006), such as the order in *LaBelle*.