# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 16, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

162230

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

                              SC: 162230
                              COA: 350046
                              Jackson CC: 14-004482-FH

LARRY GERALD MEAD,
      Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the September 17, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CLEMENT, J. (*dissenting*).

Two years ago, this Court held that the evidence at issue in this case was gathered in violation of the Fourth Amendment. However, we did *not* hold that the evidence was subject to the exclusionary rule or that the charges against defendant should be dismissed. Because the Court of Appeals erred by invoking the law-of-the-case doctrine to suppress this evidence, I would reverse the Court of Appeals and remand for it to consider on the merits the People's argument that this evidence should be admitted.

Defendant was originally charged with possession of methamphetamine that was recovered from his backpack during a traffic stop. During the stop, the police asked the driver of the vehicle defendant was riding in if they could search the vehicle, and when the driver consented, the police proceeded to search defendant's backpack—which was inside the automobile—even though they knew that the backpack belonged to defendant rather than the driver. In the lower courts, defendant challenged the admission into evidence of the drugs discovered in the backpack, but his challenge was rejected on the basis of our order in *People v Labelle*, 478 Mich 891 (2007), which held that a search under similar circumstances was valid. When the case reached us, we overruled *Labelle* and held that controlling law was instead the rule from *Illinois v Rodriguez*, 497 US 177 (1990), requiring that consent to search must be given by someone with either actual or apparent authority over the property. Because the driver had no apparent authority over the backpack, we held that "the search of the backpack was not based on valid consent and is per se unreasonable unless another exception to the warrant requirement applies," and we went on to hold that "none of the other exceptions to the warrant requirement has been satisfied." *People v Mead*, 503 Mich 205, 220, reh den 503 Mich 1041 (2019).

Notably, however, we did *not* hold that the evidence against defendant should be suppressed. Instead, we "vacate[d] the trial court order denying the defendant's motion to suppress" and "remand[ed] to the trial court for further proceedings not inconsistent with this opinion." *Id*. This was not random—in this Court, the People had argued that the police had in any event relied in good faith on our *Labelle* order, such that even if *Labelle* were to be overruled, *this* evidence should be admissible. Our prior ruling pointedly left open the question of whether the good-faith exception to the exclusionary rule applied. Indeed, the People filed a motion for rehearing or clarification asking us the precise question of whether they could make a good-faith exception argument on remand, which I thought was denied because our opinion was already sufficiently clear on this point. In the remand proceedings we ordered, the People maintained their position that the evidence should be admitted under the good-faith exception, but the trial court held that the evidence was to be suppressed and dismissed the charges against defendant, and the Court of Appeals affirmed on law-of-the-case grounds.

The Court of Appeals clearly erred by invoking the law-of-the-case doctrine here. It held that we "implicitly ruled that the good faith exception did not apply in this case" because it "is a well-known exception to the warrant requirement," and when this Court held that no exceptions to the warrant requirement applied, we had "concluded that the good faith exception did not apply in this case." *People v Mead*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2020 (Docket No. 350046), p 4. This is incorrect, however. The good-faith exception is not an exception to the warrant requirement; it is an exception to the exclusionary rule. "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Mincey v Arizona*, 437 US 385, 390 (1978), quoting *Katz v United States*, 389 US 347, 357 (1967). However, "[w]hether the exclusionary sanction is appropriately imposed in a particular case . . . is 'an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct.' " *United States v Leon*, 468 US 897, 906 (1984), quoting *Illinois v Gates*, 462 US 213, 223 (1983). We have similarly referred to *Leon* as having "adopted a good-faith exception to the exclusionary rule." *People v Goldston*, 470 Mich 523, 528 (2004). While *Leon* was about good-faith reliance on a search warrant that was ultimately found not to have been supported by adequate probable cause, the Supreme Court has also held "that when the police conduct a search

in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply." *Davis v United States*, 564 US 229, 249-250 (2011).

I have no view on whether this evidence should be admitted. Indeed, given that we overruled *Labelle* in deference to *Rodriguez*, even though *Rodriguez* predated *Labelle* by nearly two decades, I believe we are eliding the very interesting question of what "reasonable reliance" would look like in that context. Are the police free to take the courts at face value, and assume that seemingly contradictory directives in *Labelle* and *Rodriguez* must be reconcilable if they were allowed to coexist by the judicial institutions responsible for articulating the meaning of the law? Or should they, in essence, have anticipated that our *Labelle* decision was incorrect under binding precedent from a higher authority? For that matter, did the People invoke the good-faith exception in an adequately timely manner in these proceedings, or should this evidence be excluded on that basis? I do not have answers to these questions—but I do know that nothing this Court has done up to now has resolved them, and the law-of-the-case doctrine should therefore not apply. I would reverse the decision of the Court of Appeals and remand for it to consider these arguments, and I therefore dissent.

ZAHRA, J., joins the statement of CLEMENT, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 16, 2021



s0413

Clerk