PEOPLE v COSCARELLI

Docket No. 143446. Submitted September 24, 1992, at Lansing. Decided November 17, 1992, at 9:20 A.M. Leave to appeal sought.

Jerry M. Coscarelli pleaded guilty in the Eaton Circuit Court, Conrad J. Sindt, J., of possession with intent to deliver less than fifty grams of cocaine and was sentenced to lifetime probation. The plea was conditioned on the defendant's right to seek appellate review of the trial court's denial of his motion to suppress evidence obtained when his automobile was stopped and searched without a warrant after he arrived at a house, stayed approximately seven minutes, and left. The police had been observing the house for approximately 2½ hours after they had made a controlled narcotics purchase there and were awaiting a search warrant for the house at the time the defendant arrived.

The Court of Appeals *held:*

1. The evidence should have been suppressed. The investigative stop was not based on an individualized, articulable, and reasonable suspicion that criminal activity was being or had been committed. The police officers did not have probable cause to believe that the defendant was engaged in criminal activity.

2. In order to justify an investigative stop, the police must have a particularized suspicion, based on objective observations, that the person stopped has been engaged, is engaged, or is about to engage in some type of criminal activity.

3. Neither the defendant's presence at the house after the controlled narcotics purchase nor the fact that he stayed at the house for only a short time provides a basis for suspicion concerning his participation in criminal activity sufficient to support the investigative stop.

Reversed.

1. CRIMINAL LAW — SEARCHES AND SEIZURES — PROBABLE CAUSE.

A person's propinquity to others independently suspected of

REFERENCES
Am Jur 2d, Searches and Seizures §§ 99, 103.
See ALR Index under Search and Seizure.

criminal activity, by itself, does not give rise to probable cause to search that person.

2. CRIMINAL LAW — SEARCHES AND SEIZURES — INVESTIGATIVE STOPS.

An investigative stop of a person is justified where the police have a particularized suspicion, based on objective observations, that the person stopped has been engaged, is engaged, or is about to engage in criminal activity.

3. CRIMINAL LAW — SEARCHES AND SEIZURES — INVESTIGATIVE STOPS — PARTICULAR BASIS FOR SUSPICION.

Neither a person's arrival at and departure from a house after a controlled narcotics purchase at the house nor the additional fact that the person stayed at the house for only a short time provides a particular basis for suspicion concerning the person's participation in criminal activity sufficient to support an investigative stop of the person.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jeffrey L. Sauter,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Lawrence J. Emery,* for the defendant.

Before: M.J. KELLY, P.J., and SHEPHERD and FITZGERALD, JJ.

FITZGERALD, J. Defendant pleaded guilty of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). The plea was conditioned on defendant's right to seek appellate review of the trial court's decision with respect to a motion to suppress evidence. Defendant was sentenced to lifetime probation. We reverse.

While undercover narcotics officers were observing a house and awaiting the arrival of a search warrant for the house, they saw defendant approach the house in a red automobile, enter the house, and leave after approximately seven min-

utes.[1] Defendant was not observed carrying anything into or out of the house. Surveillance officers stopped defendant's car as he was leaving the residence because they had been instructed to stop any vehicle that came to the residence or left the residence before the execution of the search warrant. With the aid of uniformed officers, defendant's vehicle was stopped, and a search revealed cocaine in defendant's jacket pocket. Before entering his plea, defendant moved to suppress the seized evidence. That motion was denied.

Defendant argues that the evidence should be suppressed because the investigative stop was not based on an individualized, articulable, and reasonable suspicion that criminal activity was being or had been committed. We agree.

The trial court characterized the stop of defendant's vehicle as a stop and search without a warrant for items named in the search warrant for the house. In essence, the trial court held that because defendant could have been searched if he had been present at the time the search warrant was executed, exigent circumstances justified the stop and search without a warrant. The trial court's holding presumes that the search warrant established probable cause to search defendant. We disagree. A person's propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Ybarra v Illinois,* 444 US 85, 91; 100 S Ct 338; 62 L Ed 2d 238 (1979). Where the standard is probable cause, a search or seizure of a person must be supported by probable cause par-

---

[1] Defendant arrived at the house approximately 2½ hours after a controlled narcotics purchase by the police. The officer who observed defendant initially thought that defendant left the vehicle running because the headlights were on. However, the officer indicated that the lights went off while defendant was in the house, which suggests that the vehicle had an automatic timer to shut off the lights.

ticularized with respect to that person. *Id.* In this case, the officers candidly admitted that they had no probable cause to believe that defendant was engaged in criminal activity. Rather, they merely speculated that, because defendant was at the house for a short time, he could have removed money or narcotics when he left the house.

In order to justify an investigative stop, the police must have a particularized suspicion, based on objective observations, that the person stopped has been engaged, is engaged, or is about to engage in some type of criminal activity. *People v Shabaz,* 424 Mich 42, 57-58; 378 NW2d 451 (1985), cert dis 478 US 1017 (1986); *People v Armendarez,* 188 Mich App 61, 66-67; 468 NW2d 893 (1991). Whether the police conduct violates the Fourth Amendment must be evaluated in light of the totality of the circumstances with which the police were confronted. *Id.* at 67.

In this case, the officers testified that their suspicion was based on the fact that the police had conducted a controlled narcotics purchase 2½ hours earlier from the house that defendant had subsequently entered and then left after only seven minutes. The investigative stop was made to search for marked money or cocaine from the house pursuant to an instruction to stop all cars coming to and leaving the premises.[2]

We are of the opinion that the police did not possess sufficient reasonable, particularized, and articulable suspicion that this particular defendant was engaged in criminal activity. Defendant's subsequent presence at the location of the earlier

---

[2] The officers conceded that they had no information suggesting that any other persons would be involved in the transaction or would be arriving at the residence in relation to the transaction. The officers also conceded that none of defendant's actions, except for the fact that he stayed at the residence for only seven minutes, provided a reasonable suspicion that defendant was engaged in illegal activity.

controlled narcotics purchase provides no particular basis for suspicion concerning his participation in criminal activity. See *People v Jackson,* 180 Mich App 339, 343-344; 446 NW2d 891 (1989). As noted by defendant, he could have been at the house for any number of reasons.[3] His presence is not sufficient in and of itself to give rise to a particularized suspicion of criminal activity. It cannot be said that every person entering or leaving this house is likely to have been engaged in the purchase of narcotics. The degree of suspicion attached to this conduct is insufficient to serve as the sole ground for a stop and seizure. Although such conduct might contribute to a finding of reasonable suspicion if viewed along with other suspicious acts, the act of staying at the house for only a short time does not provide that needed support. Because the officers could only speculate about what defendant was doing at the house, they lacked the requisite particularized suspicion, based on objective observations, necessary to justify their investigative stop. Cf. *Shabaz, supra* at 61-62.

Because we find that the stop of defendant's vehicle was unconstitutional, the evidence derived from the seizure must be suppressed as fruit of the poisonous tree. *Id.* at 65. The trial court's denial of defendant's motion to suppress evidence was clearly erroneous.

Reversed.

---

[3] In fact, workers who had been in the home doing remodeling work were stopped as they left the residence in a vehicle that was present at the residence even before the controlled purchase occurred.